THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* HÉCTOR CABÁN ROSA, Defendant and Appellant.

No. 14,545.     Decided December 3, 1965.

*Santos P. Amadeo* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Peter Ortiz, Assistant Solicitor General,* for The People.

MR. JUSTICE RIGAU delivered the opinion of the Court.

Héctor Cabán Rosa was convicted on December 9, 1948 by a court without a jury for the offense of robbery in subsequent degree and ordered to serve an indeterminate sentence of from 10 years to life imprisonment. The offense was committed as follows: The defendant and two other fellows attacked Pablo Matos Rodríguez with the intention of robbing him on a street in Santurce on July 3, 1948. They slashed him with a pocket knife and when the victim fell to the ground they kicked him several times. The defendant took $11.19 from the victim's pocket.

The assailants fled but when again about twelve days later they committed a second assault against a couple who also walked along a Santurce street, the victim in this case was able to identify one of the assailants who had been arrested in the second assault. That was what made possible the arrest of appellant herein.[1]

The defendant filed his appeal on December 13, 1948. On the 23d of that month he filed the following three motions: Motion for Insolvency, Motion for Extension to File the Tran-

---

[1] During fiscal year 1962–63 a total of 35,462 robberies, burglaries and thefts were reported in Puerto Rico. Sixty-three percent of the robberies, 56% of the burglaries and 68% of the thefts of $50 or more were committed in the San Juan Metropolitan Area.—Annual Report of the Police Force of Puerto Rico—1962–63, p. 58.

In comparison with the preceding year the robberies increased by 29.7%; burglaries by 24.4% and thefts of $50 or more by 24.3%, and thefts for under $50 by 13.2%. During that same fiscal year there were registered 3,382 automobile thefts (not included in the figures already cited). The increase in this item as compared to the preceding year amounted to 31.7%, *Ibid.* p. 57.

script of Evidence and Motion for Transcript of Evidence. On that same date the Court granted all three motions and ordered that the transcript of evidence be prepared *in forma pauperis*. The defendant filed motions of extensions for the transcript of evidence on January 25, March 2, April 1 and May 13, 1949. On March 3, 1950 the then Prosecuting Attorney for the Supreme Court filed a motion for dismissal, mistakenly alleging that defendant had not moved for extensions for the transcript of the evidence. On the basis of the erroneous information contained in the motions to dismiss which was mistakenly made available to this Court, it dismissed the appeal on the ground of abandonment of action. The errors committed having been brought to our attention we set aside the order dismissing the appeal and reinstated the appeal filed by appellant.

On appeal the defendant assigns the following three errors:

1. "The judgment entered against defendant is null because the record does not show who waived the right to the trial by jury, after the defendant had requested such right during the arraignment."

2. "The judgment entered against defendant is null because in Puerto Rico the prosecuting attorney cannot file an information for an offense in the subsequent degree, inasmuch as there is no statutory provision authorizing said official to file this type of information."

3. "The trial judge erred in ordering defendant to serve an indeterminate sentence of from ten years to life imprisonment believing, erroneously, that under § 56 of the Penal Code a maximum sentence of life imprisonment was mandatory."

First error. The judgment roll shows that when defendant was arraigned on September 2, 1948, he requested a trial by jury; but said judgment roll also shows that afterwards the defendant waived his right to the jury on the day of the trial. The hearing had been originally set for

December 2, 1948 but it was postponed at the request of the defense and set again for the 9th of said month.

On the question of whether or not the defendant waived his right to a trial by jury, the transcript of the evidence shows that at the opening of the hearing the following dialogue took place:

"Judge: Is the Prosecuting Attorney ready?

Prosecuting Attorney: Yes, sir.

Judge: You must state that the defendant waived his right to a trial by jury.

Attorney Trigo: Is the witness for the defense here? He was here this morning. Call him, marshal."

■ After that dialogue and once the Prosecuting Attorney had announced that the theory of the people would arise from the evidence, the hearing commenced. Defense attorney Mr. Trigo was present when the trial judge stated for the record that defendant had waived his right to a trial by jury. He did not raise any objection. On the other hand he proceeded with the case, cross-examined the witnesses for the prosecution and questioned the witnesses for the defense. There is no doubt that the defense attorney accepted as correct the statement of the judge hereinbefore cited. Of course, the defendant was also present when said dialogue took place and he said nothing.

■ At the time the trial was held—December 9, 1948— a defense attorney in Puerto Rico could waive the right to a trial by jury in the name of defendant, *People* v. *Figueroa*, 77 P.R.R. 175 (1954) and authorities cited therein. There we made a careful study of the constitutional and procedural question involved, paying particular attention to the factors relevant thereto in Puerto Rico. It is not necessary to reproduce here what we said then. The fundamental thing is that the waiver be done voluntarily and intelligently and there is nothing in the record to show or suggest the contrary. *People*

v. *Torres Ortiz*, 89 P.R.R. 805 (1964); *People* v. *Díaz*, 87 P.R.R. 656 (1963). The defendant freely resorted to the tactic which his attorney, or he and his attorney, decided was the most convenient and now he cannot allege it as an error. *Henry* v. *Mississippi*, 379 U.S. 443 (1965). The first error assigned was not committed.

■ As it is known, the state of law as to the manner of waiving a jury is different now. The Constitution of Puerto Rico, in effect since 1952, made the right to trial by jury in the felony cases a constitutional provision, Constitution, Art. II, § 11; even though ours is not the classical Common Law Jury, Report of the Committee on the Bill of Rights, *21 Revista Jurídica de la Universidad de Puerto Rico* 1, 18 (1951); *La Nueva Constitución de Puerto Rico* 168, 173–174, *Facultad de Ciencias Sociales de la Universidad de Puerto Rico* (1954). Rule 111 of the Rules of Criminal Procedure of Puerto Rico (1963) requires now that the waiver of the right to trial by jury be made by the defendant expressly and personally.

■ Second error. Appellant alleges that there is no legislative authorization in Puerto Rico to accuse and sentence a defendant for a subsequent offense and the judgment entered in this case is void on that ground. He alleges that when the Puerto Rican legislator adopted the Penal Code and the Code of Criminal Procedure of California, he did not copy §§ 969 and 1025 of the Penal Code of California. It in no way means that there is no legislative authorization to accuse and impose sentences in cases of subsequent offenses. Let us see.

Our Code of Criminal Procedure, approved in 1902, provides the following in its § 285 (34 L.P.R.A. § 816).

"Whenever the fact of a previous conviction of another offense is charged in an information, the jury, if they find a verdict of guilty of the offense with which he is charged, must also, unless the answer of the defendant admits the charge,

find whether or not he has suffered such previous conviction. The verdict of the jury upon a charge of previous conviction may be: 'We find the charge of previous conviction true' or 'We find the charge of previous conviction not true,' as they find that the defendant has or has not suffered such conviction."

Our Penal Code, also approved in 1902, expressly provides in its §§ 56 to 58, inclusive, for the manner of sentencing persons convicted for offenses in subsequent degree, 33 L.P.R.A. §§ 131–133. These sections are so well known that it is not necessary to copy them here. Rule 48 of the new Rules of Criminal Procedure of Puerto Rico (1963) provides that "an information or complaint shall not contain any allegations whatsoever of former convictions of the defendant, except when an allegation to that effect is a material ingredient of the offense, or to allege the condition of second offender or of habitual offender in relation to the defendant."[2]

In view of these provisions cited from the Code of Criminal Procedure, the Penal Code and the Rules of Criminal Procedure, it cannot be sustained that no legislative authorization exists to accuse and sentence for a subsequent offense. If things were as appellant alleges, what would be the purpose of the sections cited? It is elementary that it cannot be assumed that the law suffers an absurdity.

██ In repeated occasions we have stated that the modifier "subsequent" preceding the denomination of an offense does not vary or alter in any way the constitutive elements of the same. It only affects the discretion of the trial judge upon imposing the penalty to the defendant once he has been convicted. It is clear that the allegation made in the infor-

---

[2] Even though the case is prior to the Rules, we cite Rule 48 because the appellant, in his brief written in 1964, when the Rules were already in force, uses the present tense in denying that there exists in Puerto Rico the authority to accuse and sentence for a subsequent offense. Even without the Rules the situation in this case would have been as we have decided.

mation regarding the fact that it is a subsequent offense is done for the sole purpose of bringing the case within the provisions of the Penal Code relative to subsequent offenses so that the defendant may receive the penalty provided in such provisions. *Sánchez* v. *Angelí*, 80 P.R.R. 154, 155 (1957); *González* v. *Rivera*, 71 P.R.R. 735, 736 (1950); *People* v. *Cancio*, 53 P.R.R. 520, 522 (1938).

■ The purpose of the aforesaid sections of the Penal Code of California is to prevent the previous conviction, if admitted by the defendant, from reaching the jury. We have the same practice in Puerto Rico by provision of our case law. In *People* v. *Aponte*, 83 P.R.R. 491, 497 (1961), cited with approval in *Cabrera Ramírez* v. *Delgado, Warden*, 88 P.R.R. 530 (1963), we stated:

"The local rule is to the effect that when the defendant admits the plea of subsequent offense, such fact should not be submitted to the jury for consideration and that, in such event, the proper thing to do is to deliver to the jury copy of the information from which every allegation of the previous offense has been stricken out, *People* v. *Beltrán*, 73 P.R.R. 466, 475 (1952); *People* v. *González*, 80 P.R.R. 203, 205 (1958). If the fact is set forth in a document, the jury must be furnished with a copy in which it is not mentioned; if it appears in oral statement, they must be absolutely prohibited. *People* v. *Colón*, 81 P.R.R. 321, 325, 327 (1959). This is so because in a criminal prosecution the defendant may be tried only for the offense charged in the information and, therefore, evidence of other offenses committed by him is not admissible except when the previous offense (a) is a material fact to establish the commission of the crime charged; (b) when it is a part of the *res gestae*; (c) it shows motive, intent, premeditation, malice, or a common plan; or (d) forms part of the same transaction, *People* v. *Archeval*, 74 P.R.R. 478, 482 (1953)."

As it may be seen, the second assignment lacks merit. It is fitting to adopt from California, or from any other place, those provisions or legal institutions which are convenient to us but, as Ihering has stated, the adoption of

foreign legal statutes is more a question of necessity than of nationality, but there is no right to require a servile and verbatim copy of the legislative pieces we adopt. There is no merit in the mimetism per se; the important factor is the substance and it has been duly safeguarded here.

■ Third error. Appellant maintains that the sentence imposed on him is erroneous because the trial judge "believed" that life imprisonment was mandatory. The sentence imposed is an indeterminate one with a minimum of 10 years and a maximum of life imprisonment. It is clear that what makes a sentence erroneous or correct is not what the appellant or the prosecuting attorney believes the judge believed, but the problem is whether or not the sentence is within the limits of minimum and maximum fixed by law. The sentence imposed herein falls within those limits. *People* v. *Flores*, 77 P.R.R. 623 (1954). Under the circumstances of the case the judge did not abuse his discretion and the sentence is valid. The error assigned was not committed.

The judgment appealed from will be affirmed.